Argued before DYKMAN and PRATT, JJ.

*Franklin Bien,* for appellant.     *Remsen & Parsons, (Daniel S. Remsen,* of counsel,) for respondent.

PRATT, J.   The case of *People* v. *Dennison,* 84 N. Y. 272, is conclusive in support of the decision below.   The plaintiff's cause of action is based upon the wrongful arrest.   The cause of action stated in the counter-claim is based on contract, and cannot be availed of in this suit.   Judgment affirmed, with costs.

---

### FERRIS *v.* NEW HAVEN WEB CO.

*(Supreme Court, General Term, Second Department.   July 18, 1890.)*

Appeal from special term, Kings county.

Action by Francis J. C. Ferris against the New Haven Web Company for wrongful arrest and imprisonment.   Defendant set up a judgment as a counter-claim, which judgment was recovered in the same action wherein defendant was arrested.   From a judgment sustaining plaintiff's demurrer to the counter-claim, defendant appeals.   For opinion in an action wherein plaintiff was arrested, see 4 N. Y. Supp. 610.

Argued before DYKMAN and PRATT, JJ.

*Franklin Bien,* for appellant.     *Remsen & Parsons, (Daniel S. Remsen,* of counsel,) for respondent.

PRATT, J.   This appeal presents the same questions as the case of this plaintiff against the Armstrong Manufacturing Company, *(ante,* 750,) and is controlled by *People* v. *Dennison,* 84 N. Y. 272.   Judgment affirmed, with costs.

---

### ROUGET *v.* HAIGHT *et al.*

*(Supreme Court, General Term, First Department.   June 6, 1890.)*

1. CONTRACTS—PLEADING—WRITTEN OR VERBAL.

    In an action on a sealed instrument, the answer alleged that it was agreed between plaintiff and defendant that plaintiff should advance certain money to be used by defendant in purchasing oil, the profits of which were to be shared by plaintiff; that, relying on this agreement, defendant purchased oil, but plaintiff refused to advance money with which to pay therefor; and that defendant, not being able to complete his purchases, was thereby damaged.   *Held,* that it was not necessary for the answer to allege whether the agreement relied on was written or verbal.

2. PLEADING—MOTION TO MAKE DEFINITE AND CERTAIN.

    Such averments sufficiently state the nature of the defense, though the items constituting it are not shown, and a motion to make more definite and certain, by stating the dates of purchase, the names of the sellers, and the quantities of oil purchased, and by showing wherein defendant was damaged, will be denied, as plaintiff has a complete remedy by motion for a bill of particulars.

Appeal from special term, New York county.

Action by Edward Rouget against Theodore Haight and Ellen J. Haight on an instrument under seal, as follows: "This agreement, made and entered into by and between Theodore Haight and Ellen J. H. Haight, his wife, of Irvington, Westchester county, New York, parties of the first part, and Edward Rouget, of Ridgefield Park, New Jersey, party of the second part, witnesseth:  The said party of the second part hereby agrees to advance to said Theodore Haight from time to time sums of money, in all not to exceed the sum of ten thousand dollars; that said sum of ten thousand dollars, or such part thereof as shall be advanced by said party of the second part to the said Theodore Haight, shall become and belong to said Theodore Haight upon the decease of the party of the second part and his wife, Josephine P. Rouget.   It is hereby covenanted and agreed on the part of the parties of the first part, in consideration of such advances and the agreement herein contained, they will pay to the said party of the second part the sum of fifteen per cent. per annum upon the sum so advanced, in equal monthly payments to the party of the second part during his natural life; and, in case the said Josephine P. Rouget survives the said party of the sec-